FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 20

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44923-4-II |
| Respondent, | |
| v. | |
| STEVEN DANIEL KRAVETZ, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Following a jury trial, Steven Daniel Kravetz was convicted of first degree assault, second degree assault, and disarming a law enforcement officer. Kravetz appeals, arguing that the trial court denied him his right to testify. Kravetz, in a statement of additional grounds (SAG),[1] also challenges the validity of the jury's verdicts, arguing that he was denied his right to a unanimous verdict and that the jury rendered inconsistent verdicts. Kravetz's arguments are without merit. We affirm.

## FACTS

Following an assault at the Grays Harbor courthouse,[2] the State charged Kravetz with the following crimes: Count I—second degree attempted murder, count II—first degree assault of

---

[1] RAP 10.10.

[2] The venue for this trial was changed from Grays Harbor County to Lewis County.

Deputy Polly Davin, count III—disarming a law enforcement officer, and count IV—first degree assault of Judge David Edwards.

Kravetz's case proceeded to a jury trial on March 26, 2013. On April 1, after both parties presented their cases, the trial court dismissed the jurors for the day.

The next morning, defense counsel informed the court that Kravetz wished to address the court. The following exchange took place:

> THE COURT: Mr. Kravetz, as I understand it, you wish to address the Court directly yourself. Again, as I told you at the outset, you have the right to remain silent. You are not required to say anything. As I told you at the outset [you] had the right to take the stand and testify, and it was my understanding from yesterday from the action taken by [defense counsel] in calling his expert witness, then, subsequently calling your mother, then, resting that the decision was made that you were not going to testify. If you want to be heard on that, this is your opportunity. Bear in mind, you are not required to say anything, and anything you do say is being taken down by the court reporter and may end up being used against you.
>
> THE DEFENDANT: Last time I had spoken with [defense counsel] in the jail, he told me that regarding the presentation of the defense yesterday that he would call his witnesses and then the prosecution would call the rebuttal witnesses, but he never told me that the defense was required to rest, before the rebuttal witnesses, and I thought that I might have a chance to testify after the rebuttal witnesses, because he never informed me of that, so that's just—basically, that's maybe sort of affected my decision possibly to not testify, and *so I'm just raising that he should have been more informative about me and that's all.*
>
> THE COURT: Well, are you telling me that you wanted to take the stand and testify in your own defense and that somehow you misunderstood [defense counsel's] advice and as a result of that chose not to or are you just telling me you wanted an opportunity to rebut the State's rebuttal witnesses?
>
> THE DEFENDANT: *No, I don't want to do that, but I just wanted to raise the fact that he did not inform me properly,* so that I didn't have a chance to think about this as much as I could have.
>
> ....

THE COURT: Mr. Kravetz, is there anything else you would like to say on this topic? Again, you are not required to say anything. Anything you say is being taken down by the reporter and may be used against you.

THE DEFENDANT: No, that's all right.

THE COURT: From your statements, it is my understanding that you are not telling me that you, the defendant, in fact did want to testify on your own behalf merely that you apparently did not understand or so you say today the procedure that the Court follows with respect to a trial . . . .

. . . .

It's on the record. You have made your record for it, but I think that what happened here was trial strategy, and I understand the strategy. I think all the attorneys in the courtroom understand the strategy, and I'm going to leave it at that, unless you have something else that you want to say on the topic.

THE DEFENDANT: No.

Verbatim Transcript Proceedings (VTP) (April 2, 2013) at 566-68, 571-73 (emphasis added). After the above exchange, the parties proceeded to closing arguments.

The trial court instructed the jury on the lesser included offense of second degree assault as to counts II and IV. On count II, the jury received a verdict form A for first degree assault and a verdict form B for second degree assault. The trial court instructed the jury to not complete verdict form B if they found Kravetz guilty of first degree assault on verdict form A. On count IV, the jury received a verdict form A for first degree assault and a verdict form B for second degree assault. The trial court again instructed the jury to not complete verdict form B if they found Kravetz guilty of first degree assault on verdict form A.

The jury returned the following verdicts:

Count I:    Second degree attempted murder—not guilty;
Count II:   First degree assault of Deputy Polly Davin, Form A—guilty;
Count II:   Second degree assault of Deputy Davin, Form B—not guilty;
Count III:  Disarming a law enforcement officer—guilty;
Count IV:   First degree assault of Judge David Edwards—not guilty
Count IV:   Second degree assault of Judge Edwards—guilty

Clerk's Papers (CP) at 304-09. In regards to the jury completing verdict form B for count II, the trial court said that the response was "a redundant verdict" because the jury should not have completed verdict form B (count II-assault in the second degree) when it found Kravetz guilty of first degree assault. VTP (April 3, 2013) at 679, 684.

The trial court polled the jury at Kravetz's request. Each juror, except for juror 12, reported that the verdicts reflected their verdicts and the verdicts of the jury. Juror 12 reported that "[t]hey were not my verdicts. They were the verdicts of the jury." VTP (April 3, 2013) at 683. Kravetz did not object to the trial court's polling method.

The trial court determined that the verdicts were not unanimous as required, and directed the jury to continue deliberations. On the record, the trial court determined (after discussion from the parties) that the first set of verdicts were invalid because they were not unanimous, that the jury did not follow the trial court's instructions regarding filling out the verdict forms, and that the trial court would give the jury a clean set of verdict forms. Kravetz did not object to the trial court's ruling to send the jury to continue deliberations.

After continued deliberations, the jury returned the following verdicts:

Count I:    Second degree attempted murder—not guilty
Count II:   First degree assault of Deputy Polly Davin, Form A—guilty
Count II:   Second degree assault of Deputy Davin, Form B—"redundant"
Count III:  Disarming a law enforcement officer—guilty

4

Count IV: First degree assault of Judge David Edwards—not guilty
Count IV: Second degree assault of Judge Edwards—guilty

CP at 314-19. The trial court again polled the jury at Kravetz's request, which revealed that the verdicts were unanimous. Kravetz did not object to the trial court's polling method. Kravetz appeals.

## ANALYSIS

### A. THE CONSTITUTIONAL RIGHT TO TESTIFY

Kravetz argues that the trial court denied him his constitutional right to testify when it did not allow him to reopen his case-in-chief after he told the trial court that he did not want to testify, but that he wanted to share his thought that his counsel should have been more informative.[3] Br of Appellant at 14. His argument fails.

The defendant has a fundamental right to testify. *State v. Robinson*, 138 Wn.2d 753, 758, 982 P.2d 590 (1999). We review a trial court's decision whether to reopen a case-in-chief to allow a defendant to testify for manifest abuse of discretion. *State v. Barnett*, 104 Wn. App. 191, 199, 16 P.3d 74 (2001). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons. *Barnett*, 104 Wn. App. at 199.

Here, Kravetz did not ask to testify or to reopen his case-in-chief. A defendant is not denied his right to testify when he did not assert that right and when he declined to testify when given the opportunity. *See Barnett*, 104 Wn. App. at 198-99 (holding the trial court did not abuse its discretion to not reopen the case-in-chief to allow the defendant to testify where the defendant stated that he changed his mind about testifying the day after the defense rested its case).

---

[3] Kravetz does not assert that he asked to or wanted to testify prior to April 2, 2013.

Moreover, the trial court cannot abuse its discretion by refusing to reopen a defendant's case-in-chief when the defendant did not ask to reopen his case-in-chief. Accordingly, Kravetz's claim that the trial court denied him his right to testify by not reopening his case-in-chief lacks merit.

B.   SAG—JURY VERDICTS

    1.     Unanimous Jury Verdicts and Jury Polling

Kravetz argues that the trial court denied him his right to a unanimous jury verdict by improperly polling the jury and improperly directing the jury to continue deliberations. SAG at 1, 9. We disagree.

First, Kravetz did not object to the trial court's poll. Therefore, he is precluded from assigning error to the form of the jury poll. RAP 2.5(a); *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013) (holding that the court would not review the defendant's assignment of error related to the jury poll when the defendant did not object at trial).

Second, Kravetz argues that the trial court improperly directed the jury to continue deliberations because the jury returned an acquittal on count II for second degree assault of Deputy Davin. Kravetz's assertion that the jury acquitted him of count II is unequivocally incorrect. Here, the jury poll showed that the first set of verdicts were not unanimous. A nonunanimous verdict is not an acquittal. *In re Pers. Restraint of Candelario*, 129 Wn. App. 1, 7, 118 P.3d 349 (2005). Accordingly, the jury poll did not demonstrate that Kravetz was acquitted—it demonstrated that the jury had not reached a unanimous verdict. *See State v. Noyes*, 69 Wn.2d 441, 446, 418 P.2d 471 (1966) (holding when a hung jury stands 11 to 1 for acquittal, defendant is not permitted to waive a unanimous verdict and accept the vote of 11 jurors as a valid verdict for acquittal). Thus, Kravetz's arguments regarding the improper polling of the jury fails.

No. 44923-4-II

2.    Inconsistent verdicts

Kravetz argues that the jury rendered inconsistent verdicts based on the first set of verdict forms. Specifically, he argues that it was inconsistent for the jury to find him guilty for first degree assault as to count II, but not guilty of the lesser included crime of second degree assault.

Kravetz's argument fails because the trial court rejected the first set of verdict forms and determined that they were not valid. The trial court may properly disregard the jury's completion of a special verdict form when the jury found the defendant guilty and was instructed to complete the form only if they found the defendant not guilty. *State v. Eggleston*, 164 Wn.2d 61, 73, 187 P.3d 233, *cert. denied*, 555 U.S. 1075 (2008).

Also, the second set of verdict forms, which the trial court accepted because they were unanimous and valid, did not find him not guilty on form B. Thus, the alleged inconsistency that Kravetz relies on does not exist in the accepted jury verdicts.

We affirm Kravetz's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, C.J.

_____
Maxa, J.

7